UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*Sanders Lamar C.B. Adams*
*C# 703226, A Patient at Kirby*
*Forensic Psychiatric Center*

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

*Ann Marie Sullivan; Kathy Iverson;*
*Sheila Simmons; Janet Jones;*
*Ella Brodsky; Roger Mathews;*
*Loraine Hinson Spearman; Samuel*
*Turay; Michael Sarner; M.P.*
*McGinnis; Andrew Cuomo; Robert*
*Abrams; Aruna Smeth; John Doe;*
*Jillian Becker; Charles Ramesar*

*(In the space above enter the full name(s) of the defendant(s). If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The names
listed in the above caption must be identical to those contained in
Part I. Addresses should not be included here.)*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 3/28/14

**AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983, *1985*
*1986*
*Rehabilitation Act*
*Americans with Disabilities Act*

Jury Trial: ☐ Yes    ☒ No

*(check one)*

*13* Civ. *8098* *(LAP)*

MAR 2 8 2014

PRO SE OFFICE

## I.    Parties in this complaint:

A.    List your name, identification number, and the name and address of your current place of
confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper
as necessary.

Plaintiff's    Name *Sanders Lamar C.B. Adams*
ID# *703226*
Current Institution *Kirby Forensic Psychiatric Center*
Address *600 East 125th Street*
*Wards Island New York 10035-6095*

B.    List all defendants' names, positions, places of employment, and the address where each defendant
may be served.  Make sure that the defendant(s) listed below are identical to those contained in the
above caption.  Attach additional sheets of paper as necessary.

Defendant No. 1    Name *Anne Marie Sullivan*    Shield # *NA*
Where Currently Employed *330 Fifth Avenue 1001*
Address *330 Fifth Avenue NYC Field*
*Office NYS Office of Mental Health*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SANDERS LAMAR ADAMS c#703326,
A PATIENT at KIRBY FORENSIC
PSYCHIATRIC CENTER

- against -

Continued...

SHANE S. KONRAD; SUSAN PARK;
JENNIFER ROSNER; DANIELLE KUSHNER;
SHEKU MAGONA; MICHAL KUNZ;
MURRAY GORDON; JULIE SENDER;
GEORGE DUPONTIS; CYRUS VANCE JR...
ADA MARIA STROHBEHN; JOHN DOE
#2 (C-95 WARDEN); ERNESTO
CRISOSTOMO; NYS, office of
Mental Hygiene Legal Services at
Manhattan, Kirby Psychiatric Center,

Defendants

in their individual and or official
capacities, as the city of New York and
the State of New York and or their
local government units, entitities, agencies,
and departments and or persons.

---

P. 1

Defendant No. 2    Name _Kathy Iverson (Director)_ Shield # _NA_
Where Currently Employed _Queens Village 11427_
Address _Creedmoor Psychiatric Center_
_Bldg #40   11427_

Defendant No. 3    Name _Sheila Simmons (Hearing off.)_ Shield # _NA_
Where Currently Employed _Fifth Avenue 10001_
Address _330 Fifth Avenue NYC Field_
_office, NYS office of Mental Health_

Defendant No. 4    Name _Janet Jones (Hearing officer)_ Shield # _NA_
Where Currently Employed _Same as directly above_
Address _Same as directly above_

Defendant No. 5    Name _~~Roger~~ Ella Brodsky_     Shield # _NA_
Where Currently Employed _Same as #2_
Address _Same as #2_

**Who did
what?**

## II.    Statement of Claim:

State as briefly as possible the facts of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    In what institution did the events giving rise to your claim(s) occur?

_Promesa Residential Program in the Bronx_
_at 952 Anderson Avenue 10452. The Hearing_
_Took Place at 330 Fifth Avenue NY, NY 10001_

B.    Where in the institution did the events giving rise to your claim(s) occur?

_Mail was kept in the staff office and Director's office_

C.    What date and approximate time did the events giving rise to your claim(s) occur?

_March 1, 2013 was the ~~one~~ eviction. The_
_Hearing Proceedings took place between November_
_and December 2012_

D.    Facts:  _On or about and between April 2007_
_and continuing through the present time_
_defendants--the State of New York and City of_
_New York and or their local agencies, units_

**What
happened
to you?**

P. 2

Defendant No. 6, Roger Mathews is employed as a Medical psychiatrist at the same address as defendant #5.

Defendant No. 7, Loraine Hinson Spearman is employed at Queens Village 11427 in Bldg. #60 stepping stones Transitional Residence. She is the Director of that Residence.

Defendant No. 8, Samuel Turay is employed as Assistant Director of Promesa at 952 Anderson Avenue West 162nd Street, Bronx NY 10452.

Defendant No. 9, Michael Sarner is employed as an attorney at the same address as defendant #6.

Defendant No. 10, M.P. McGinnis is employed as the Superintendent of Southport Correctional Facility at 1879 Davis Street, Elmira, New York 14901.

Defendant No. 11, Donald Sawyer is employed as the Director of Marcy Correctional Facility at an address unknown to me at this time.

Defendant No. 12, Andrew Cuomo is employed as the Governor of New York at 633 3rd Avenue New York, NY.

Defendant No. 13, Robert Abrams is employed as the NYS Attorney General whose address is unknown at this time.

Defendant No. 14, Aruna Sheth is employed as a Psychiatrist at 1500 Water Place Bronx York, Middletown Road Bronx New York Zip Code Unknown.

Defendant No. 15, John Doe, Commissioner of New York City Health Hospitals Corporation is employed at 346 Broadway #5 New York NY Zip Code unknown.

Defendant No. 16, Jillian Becker is employed as an attorney for the MHLS at Bellevue at 462 1st Avenue 30th Street 10016. OR

over

Beth Israel Hospital center at 16 St. 1st Avenue 10003.

P. 2

~~2nd Avenue New York NY.~~

Defendant No. 17, charles Ramesar is employed as
clinical Director of Inpatient Forensic Unit 19 west
at the Bellevue Address Above.

Defendant No. 18, Shane S. konrad is employed as a
Psychiatrist at Bellevue address above.

Defendant No. 19, Susan Park is a Medical Doctor
employed at the address above.

Defendant No. 20, Jennifer Rooner is employed as a
psychiatrist at criminal court, 100 centre street
New York NY 10013.

Defendant No. 21, Murray Gordon is employed as
a psychiatrist at criminal court 100 centre street
New York NY 10013.

Defendant No. 22, Danielle Kushner is employed as
a psychiatrist at Kirby Psychiatric Center wards
Island New York 10035-6095.

Defendant No. 23, Sheku Magona is employed as a
psychiatrist at Kirby at the address directly above.

Defendant No. 24, Michal Kunz is a psychiatrist
employed as clinical Director at the address above

Defendant Julie Sender No. 25 is employed as a Criminal
Court Legal Aid Society Attorney, at 49 Thomas street
New York NY 10013.

Defendant George Dupuntis No. 26, is employed as an
attorney for Legal Aid Society at the address above.

Defendant Cyrus Vance Jr. No. 27, is employed as District Attorney
for New York County at 1 Hogan Place New York NY 10013.

P.2

Defendant No. 28, Maria Strohbehn is employed as the Assistant District Attorney at 1 Hogan Place New York NY 10013.

Defendant No. 29, John Doe #2, is employed as the Warden of Rikers Island Correctional Facility at AMKC (Anna M. Kross Center, C-95).

Defendant No. 30, Ernesto Crisostomo Shield No 28489 is employed as a Police officer at the Patrol Borough Manhattan North, New York New York Zip Code unknown. He can be served at One Police Plaza, One Madison Street New York NY 10038 by a Supervisor

Defendant No. 31, NYS office of Mental Hygiene Legal Services Manhattan or Mary Beth Feeick can be served at Appellate Division First Department 27 Madison Avenue New York NY 10010, or Kirby Psychiatric Center 600 East 125th Street 10035-6095

departments, entities and or persons, i.e.
defendants Ann Marie Sullivan, Kathy Iversen
Lorraine Hinson Spearman, Roger Mathews, Ella
Brodsky, and Michael Sarner conspired with
M.P. McGinnis, Donald Sawyer, Andrew Cuomo
(Successor to Predecessor Governors), Robert ████
Abrams, Sheila Simmons, Janet Jones, Samuel Turny,
Jim Atwood, Aruna Sheth Danielle Kushner,
Shane S. Konrad, Michal Kunz, charles Ramesar,
Susan Park, Murray Gordon, Jennifer Rosner,
Shaku Megana, The Commissioner (John Doe)
of the New York city Health and Hospitals Corporation,
Jillian Becker, Larry Doe, ADA Maria
Strohbehn, Ernesto crisostome (Shield # 28489
Patrol Borough, Manhattan North), Julie Sender,
George Dupuntis, Irwin Shaw, Cyrus Vance Jr.,
The offices of Mental Hygiene Legal Services of Manhattan

> **Was anyone else involved?**

> **Who else saw what happened?**

## III.  Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

I suffered bruised ribs from the use of excessive
force by police for about 15 minutes on 11-17-13.

## IV.  Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  Administrative remedies are also known as grievance procedures.

A.  Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes ____  No ____

D.   Facts: Continued

Kirby Psychiatric Center, Bellevue Hospital Center and Beth Israel Hospital center or MHLS (Attorney-n-charge Assigned by and at the NYS Appellate Division 1st Dep't.) to deprive me of my 1st, 4th, 6th, and 14th Amendment rights to due process and or of equal protection of the laws.

1. Ann Marie Sullivan, Kathy Iverson, Sheila Simmons and Janet Jones was grossly negligent in the Supervision of their Subordinates (Ella Brodsky, Roger Mathews, Loraine Hinson Spearman and Samuel Turay), and fostered the unlawful customs and policies of the same and Loraine Hinson Spearman's policy of Hospitalizing (evicting) me between 2008-10 and using the Long Island Jewish Medical center Doctors to seek medication over objection following retaliatory transfers during each Seperate Hospitalization (including at Queens Hospital Center during those periods). All of these defendants or the city and state of New York jointly participated in my 2010(May) eviction and discharge from stepping stones for ~filing~ 08-cv-3888 (DLI)(ED of N.Y.) (Retaliation) and Procedural Due Process denials, and the involuntary hospitalizations and medications between 2008, and to 2011 (April 6) and March 1, 2013 (Mr. Turay)

2. Sheila Simmons and Janet Jones failed to give me procedural due process by denying me a hearing in 2010 prior to my eviction from stepping stones. Ms. Spearman evicted me without Housing court procedures in May 2010 and without a discharge hearing under office of mental health regulations (OMH).

3. Michael Sorner Acted under color of state law, and or the above named MHLS Hospital Attorneys

P. 3

by not providing me with effective of counsel contentions at each of the treatment over objection hearings that was held between 2008 and 2010 in creedmoor OMH part or by failure to initiate Housing Court proceedings following each hospitalization or unlawful eviction. Michael Sarner deprived me of effective assistance of counsel by his engagement in conflicts of interest with medical doctors and the state assistant attorney generals who presided over treatment over objection proceedings during those periods.

4. Sheila Simmons and Janet Jones also deprived me of Legal Assistance at the eviction/discharge hearing in 2013 with Samuel Turay. Mr. Turay himself deprived me of legal Assistance prior during the hearing and to initiate a Housing Court proceeding. I forget the exact date of the hearing which was audiotaped.

5. Roger Mathews subjected me to intramuscular injections from July 1, 2010 to April 6, 2011 and to 500 milligrams of Depakote. This was for refusing and or objecting to treatment and on the ground that I never was provided Due process to Court procedures prior to my 2010 eviction and for filing 08-cv-3888 against creedmoor, stepping stones and other medical/mental Health employees. I was also subjected to injections used as punishment rather than restraints for other allegedly threatening behavior during that hospitalization in 2010 to 2011 under his direction and order.

6. Ella Brodsky applied for not order in the supreme court OMH part from 2010 to march 2011. I was placed on Aot and as part of the order was subject

P. 3

to continue taking intramuscular injections from the date of my discharge from creedmoor on 4-6-11 until I stopped taking medication in mid-october of 2012. The AOT was a continuation of the 2007 to 2010 unlawful supervision I already was under by the OMH and community and local police precinct who was notified of my discharge as required until my rehospitalization in April 2010 and release and expiration in April 2013. It also was retaliatory supervision for litigating 08-cv-3888 and suing Kathy Iverson, director of creedmoor whose custody I was under at the time and to punish and inhibit the free exercise of my 1st Amendment right to practice islam because as it said in 2 PC reports issued by them I was convicted of robbery and assault of a Roman Catholic Priest.

7. M.P. McGinnis and Donald Sawyer deprived me of discharge papers from Marcy and Southport between 2006 and 2007 (December via April) and illegally confined me at that prison and psychiatric Hospital, and subjected me to involuntary medication and Hospitalization during those periods as retaliation for filing numerous lawsuits and habeas corpuses that had been pending prior to the 12-26-06 Hospitalization. This made the Department of Motor vehicles deny me two points toward obtaining a non-drivers NYS I.D card. Andrew Cuomo and predecessor governors fostered these violations because I appeared on 9-11-01 at the Board of Parole when the twin towers fell and allegedly thought I'm BinLaden

P. 3

P 2

8. Defendant Samuel Turay violated my right to procedural due process by Evicting me without a hearing before housing court. He also violated my 1st ~~Amed ment~~ Amendment right to receive legal mail and to Privacy by censoring my mail sent to me from the Public Assistance, and Social Security office whom, on 2-28-14 during a telephone conversation informed me that they sent me 13 pieces of mail since my eviction on March 1st, 2013. When I visited 952 Anderson Avenue between April 1st and October 2013 to pickup mail, and check to see whether any came for me Mr. Turay told me I had none even during my last visit on November 6, 2013 or between 11-6 and 11-9-13. The Social Security office also sent me copies of letters I had requested during the 2-28-14 conversation which I received on March 5, 2014. As a result of Mr. Turay's censoring my mail and concealing it along with the discharge papers from following my eviction (Fraud) the SSA in Bronx County Billed me $4,067.30 and terminated my Benefits in November 2013 prior to my arrest on the instant charges. The letters state I had moved to a residential apartment even though I told Mr. Turay it was only my mailing address. He informed the Bronx county SSA that it was where I lived in a letter he faxed to them when I went to pickup my November check he had sent back to them since I did not live there. Mr. Turay also denied my request for a lawyer for the eviction proceeding.

9. Robert abrams failed to supervise and fostered Turays and the Attorney in 08-CV-3888's policies and Spearman's and ~~~~ violated my

neopost
03/25/2014
US POSTAGE

FIRST-CLASS MAIL
$00.69⁰

ZIP 10035
041L11241567

USMS
SDNY

Legal Mail

SANDERS ADAMS #703226
                        ward 602 East
KIRBY FORENSIC PSYCHIATRIC CENTER
WARD'S ISLAND
NEW YORK, NEW YORK 10035-6095

Clerk of United States District Court
Southern District of New york
The Daniel Patrick Moynihan U.S. courthouse
500 Pearl Street—New York NY 10007-1312

Sanders Lamar' C.B. Adams
Kirby Forensic Psych Center
#703226, Ward 602 East
Wards Island New York 10035-
6095

TO: Clerk of U.S. District Court
Southern District of New York
500 Pearl Street
New York NY 10007-1312

MAR 26 2014

PRO SE OFFICE

Subject: 14-cv-769, Motion For
Reconsideration of Previous Request
For Temporary Restraining order
and Preliminary Injunction made
February 10 and decided February 19
2014.

Amended
Complaint

Dear Pro se Clerk

        For the reasons I mentioned in my letter
in 13-cv-8095 dated March 17, 2014 Im hereby
requesting Joinder of that motion For a Temporary
Restraining Order and Preliminary Injunction
and that the same dated February 10, 2014 be
reconsidered and consolidated with this one in
the case number above.

                                    Very Truly Yours,

                                    Sanders Lamar C.B. Adams

Sanders Lamar C.R. Adams
C# 703226
Kirby Psychiatric Center
Wards Island New York
10035-6095

To: Clerk of U.S. District Court
Southern District of New York
500 Pearl Street
New York NY 10007-1312

Subject: 13-cv-8098 (LAP) (SAS)
Amended Complaint and Motion
To Reconsider TRO and Request
For Preliminary Injunction made
by Motion To Vacate Judgment

Dear Prose Clerk

    This letter is to you inform you that
I submitted an amended complaint for filing
on February 10, 2014 and sent it out from
Kirby on February 11th along with a motion
to vacate Judgment and request for a
Temporary Restraining Order and Preliminary
Injunction and to file the amended complaint.
    The amended complaint left the ward
im housed at in Kirby but never left the
facility. It was returned to me recently
on March 11, 2014 (30 days later).

    I was under the impression that this
Court denied or did not accept it for filing
and that it did reach this Court who I thought
directed me to do it over when it denied
my request for a TRO and Injunction. Put
differently, I thought the court was deciding
my motion request for Emergh injunctive relief
and my order to show cause with the amended
complaint not the same original complaint
                                    over →

filed on November 18, 2013. I was thinking the February 19, 2014 order was referring to the amended complaint as being deficient.

For the reasons above, I'm requesting that my application made with the order to show cause referred to in the February 19 order be reconsidered on the amended complaint that I did over for a second time which is annexed hereto with my submitted exhibits.

Finally, I accidently sent part of my motion for a TRO and Injunction to the Eastern District court in case number 14-cv-769 which was transferred to this court. I request that part of the motion be decided together with 13-cv-8098 if the Court reconsiders it on the Amended Complaint.

Thank you for your time and consideration in this matter.

Very Truly Yours

Sanders Samuel B
Adams

rights alleged in this action as described previously. The attorney who handled 08-cv-3888 also did some of the proceedings in Creedmoor OMH part during my Hospitalization in 2010 and created conflicts of interest with my attorney Michael Sorner who had no objections. This was also a conflict of interest in that federal action itself. Robert Abrams is responsible for that conflict of interest she represented.

10. Dr. Aruna Sheth violated my right to be free from involuntary medication by mouth and intramuscular injection between April 2011 and October 2012.

11. The John Doe commissioner of the New York city Health and Hospitals Corporation Deprived me ~~of~~ of Access to Courts, pen and paper and legal Assistance on April 10, 2013. I could not write or request the assistance of MHLS by phone pursuant to this unlawful custom and policy of not allowing writing supplies in Lincoln Medical Center to inpatients. The Lincoln Medical Psychiatrist subjected me to retaliatory transfer to Beth Israel as well. These overt acts ~~transactions~~ arose out of the Same series of transactions or occurences.

12. Jillian Becker denied me the right to call witnesses at the May 2013 treatment over objection hearing at Bellevue. She deprived me of effective assistance of counsel by not calling my treating physician Dr. Aruna Sheth to testify about why I was not hospitalized for not taking medication for over 6 months or since mid October, even while I was still living at Promesa.

13. In furtherance of their conspiracy, defendants Charles Ramesar, Shane S. Konrad, Susan Park, Jennifer Rosner and Danielle Kushner all

violated my First Amendment right to be free from retaliation by subjecting me to a medication and or treatment over objection procedure at Bellevue followed up at Kirby on January 29, 2014, by Dr. Sheku Magona and Michal Kunz. The retaliation by Mr. Konrad, Ms. Park and Mr. Ramesar on December 27, 2013 was the direct result of me exercising my right to refuse and object to treatment. They initiated an article 78 treatment objection petition sworn to on December 30, 2013 dated December 27, 2013.

14. Sheku Magona and Danielle Kushner at Kirby followed up with the treatment procedure initiated above by Michal Kunz on January 29, 2014. These defendants obtained treatment over my objection in retaliation for refusing and objecting to treatment and by discriminating against me because the victim allegedly assaulted was a police officer in my criminal case on November 17, 2013. Sheku Magona and Danielle Kushner violated my right to impartial examination and review procedures by participating in the initial examination and review pursuant to 14 NYCRR 527.8. Michael Kunz directly participated and or fostered the bias by appointing both of them to conduct the review after learning through the initial exams that they were the treating physicians at Kirby or Bellevue. He knew Sheku Magona examined me on 1-13-14. And that Ms. Kushner examined me on a date she did not specify in her petition affidavit dated ~~1-16-14 on~~ 1-22-14, but stated she was the treating physician. He also read the 1-16-14 report that Ms. Kushner submitted as a second opinion. Michal Kunz also fostered Magona's use of injections against me on 1-12-14 and 1-13-14 as punishment rather than alternatives.

P. 3

15. Doctors Murray Gordon and Jennifer Rosner acted under color of state law with the Attorney Julie Sender who represents me (Docket Number 2013 NY 087581) and George Dupontis who represented me previously, but gave the other case to Ms. Sender (Docket Number 2013 NY 072791). These defendants retaliated against me, and by obtaining the 730.40 (CPL) court order to observe me as a pretext to Hospitalize me and provide "probable cause" for my detention or Hospitalization or prior incarceration so that I would not be released pursuant to N.Y. CPL 180.80 on or about and between November 22 and 25, 2013 for lack of indictment and evidence to hold me in custody at Rikers Island. Their overt acts arose out of the same transaction or occurrence inside the courtroom in my absence on December 16, 2013 when I refused the initial 730 exam and thereafter before or on January 6, 2014 when the order was obtained in my absence. They continue to violate my rights at the direction of the district Attorney defendant Cyrus Vance Jr, and the ADA Maria ~~Struhbein~~ Struhbehn by their retaliation and malicious use of state court process.

16. Julie Sender and George Dupontis deprived me of my 6th Amendment rights to effective assistance of Counsel and to be present inside the courtroom, and in court on November 19, 22, 25, December 16 and January 6, 2013-14. As a result of their failure to secure my presence and consult with me a Bench warrant remains active for my court appearance despite the fact they knew my whereabouts on 11-19 and ~~11-22-13~~ 11-22-13 at Rikers Island since my arraignment on 11-17-13 when Ms. Sender represented me and took my card bearing the name and phone number of Mr.

P. 3

Dupontis. These defendants acted under color and authority of state law with ADA Strohbehn and Rikers Island's C-95 warden who failed to produce me. Defendant Irin Shaw failed to remedy the violations of Mr. Dupontis and Ms. Sender. The State of New York and or Mr. Abrams and Cuomo is responsible for the actions of Ms. Sender, Dupontis, Gordon and Rosner, and Shaw. It was the unlawful custom and policy of Mr. Abrams and Cuomo that violate my rights at the present time via their subordinates.

17. In furtherance of the conspiracy, police officer Ernesto Crisostomo subjected me to false arrest and false imprisonment by not taking me to the precinct and through the central booking process following the alleged November 17, 2013 assault on officer Kelly Smith. This violated my Fourth Amendment rights because I was conscious of confinement by the handcuffing and use of excessive force against me in which I suffered bruised ribs. I did not consent to confinement nor was it privileged by my continued detention and Hospitalization or incarceration at Rikers without arrest procedures. And there is no indictment pending against me to support "probable cause" as evidenced by my CPL 730.40 Hospitalization.

18. The State of New York or the office of Cyrus Vance Jr. discriminated against me with the police officer who arrested me under Docket Number 2013 NY 072791 and George Dupontis who was ineffective with Ms. Sender for failure to raise the selective treatment issue and the 6th Amendment violation of my right to speedy trial. I was not yet indicted under that Docket even though 45 days

A.3

or more has elapsed which is attributed to the state. In addition, the Police officer who made that arrest was puerto Rican and or catholic like the victim whom I allegedly gave a swipe to with my metro-card and was charged with giving a swipe to a Puerto Rican who was not arrested for accepting a swipe and allegedly soliciting money to me for the swipe in the Subway, at 125th street Lexington Avenue.

19. The office of the Mental Hygiene Legal Services of Manhattan and or at Kirby, or Mary Beth Feerick denies me access to courts by lack of legal assistance. I cannot obtain legal research at a reasonable accomodation or reasonable photocopy fee even if I request to pay as I did in the past simply because I'm under 730 evaluation and is a mental health patient. There is no legal assistance alternative. I cannot get copies of case law and properly file motions for Injunctive relief that was already denied because of this on February 19, 2014 in this court. I cannot get them to represent me adequately in treatment over objection appeals in the appellate division (state courts) and NYS court of Appeals. The governor and NYS Attorney general support these violations and allow these unlawful state and violation of Federal law to continue by discriminating against OMH patients in general and myself in particular based on poverty, Disability and under the ADA and R.A.

P. 3

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Rikers Island (C-95, AMKC)

_____

_____

B.  Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes ✓    No _____    Do Not Know _____

C.  Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes ✓    No _____    Do Not Know _____

If YES, which claim(s)? Conditions of confinment for 7 days at Rikers

D.  Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes _____    No ✓

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes _____    No ✓

E.  If you did file a grievance, about the events described in this complaint, where did you file the grievance?

The Attorney Grievance Committee 61 Broadway NY NY 10006.

1. _____ Which claim(s) in this complaint did you grieve?
The conflict of Interest, ineffective assistance of counsel, Denial of right to be present and or denial of access to courts by Julie Sender and George Dupontis.

2.   What was the result, if any?
Still Pending under Docket No. 2014.0350

3.   What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process.
_____ N A _____

_____

_____

_____

F.  If you did not file a grievance:

1.   If there are any reasons why you did not file a grievance, state them here:
I'm not challenging my criminal conviction and my claims do not imply the invalidity of any criminal conviction since I wasn't arrested prior to being charged or maliciously prosecuted.

2.    If you did not file a grievance but informed any officials of your claim, state who you
informed, when and how, and their response, if any:

The grievance committee informed my by post-
card postmarked February 26, 2014 that it takes
30 to 45 days before they can start sending me
information about the status of my complaint
due to the number of complaints that their
office handles. I also was given complaint numbers
by the Justice Center at 1855 373 2122. Numbers:
101 216 847 07, 101 2655 0461, 101 209 794 71, 101 211 97767
101 2508 4239, 101 2290 4277, 101 2675 4607, 101 281 781 8526

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative
remedies.

I grieved the kirby Mental Hygiene Legal Service
at the same time I grieved Ms. Julie Sender and
Mr. George Dupontis. My complaint alleges denial of
access to courts to patients in OMH hospitals as I
stated in the facts of my annexed complaint par.
19. I'm complaining here that the grievance procedure
is unconstitutional. OMH files the ones they want as
a new policy. It's futile. Injections are being used as
Punishment at Kirby and NYS Hospitals rather than Seclusion/Restraints.

Note:    You may attach as exhibits to this complaint any documents related to the exhaustion of your
administrative remedies. I filed complaints about the New OMH Policy
and MHLS with the Justice center and never received responses

V.    Relief:    Telephone # 1 855 373 2122. (101 2290 4273) Access to courts
(101 265 5736) (delay of mail (101 251 716676) Mail Delay, open paper denials.

State what you want the Court to do for you (including the amount of monetary compensation, if any, that
you are seeking and the basis for such amount). $25,000,000 from each
defendant seperately from each found constitutional
violation, $10,000.00 from each defendant seperately who
was found to participated in the conspiracy and
additional $15,000.00 from Samuel Tway for mail fraud
along with the amounts specified for conspiracy and constitutional
violations. Consolidation of Related cases and Joinder
of Related claims. A TRO and Preliminary Injunction
including Reconsideration of the Previous Motion for same
and Monetary Damages for succeeding on one of any in the
future including at a Pretrial Conference. An order for
transfer to facility with Law Library or access to courts.

5,000,000.00 in damages from the city and state
(compensatory and punitive damages) and restoration of
SSI Benefits including Back Pay.

_____

**VI.    Previous lawsuits:**

<div style="border:1px solid">On these claims</div>

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes ✓    No _____

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _Sanders Lamar C. B. Adams_
Defendants _President of USA, office of whitehouse etal._

2. Court (if federal court, name the district; if state court, name the county) _District Court Eastern District of New York U.S_

3.    Docket or Index number _14-CV-769_

4.    Name of Judge assigned to your case _Honorable Dora Lizette Irizarry_

5.    Approximate date of filing lawsuit _Jan. 30, 2014_

6.    Is the case still pending? Yes ✓    No _____

If NO, give the approximate date of disposition _____

7.    What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _Transferred to U.S. District Court S.D. of New York on February 25, 2014_

<div style="border:1px solid">On other claims</div>

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes ✓    No _____

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _Sanders Lamar C. B. Adams_
Defendants _KATHY Iverson, etal_

2.    Court (if federal court, name the district; if state court, name the county) _____
_Eastern District of New York_

3.    Docket or Index number _08-CV-3888 (DLI)(LB)_

4.    Name of Judge assigned to your case _Dora Lizette Irizarry_

5.    Approximate date of filing lawsuit _June 2008_

*Rev. 01/2010*                                6

P. 6

D.

1. Parties to the Previous lawsuit:

Plaintiff Sanders Lamar Adams
Defendants Glenn Goord et al

2. Court: U.S. District Court N.D. of New York, and lawsuits listed therein.

3. Docket or Index Number 02-cv-853, and other Numbers listed therein

4. Name of Judge: Hon. Thomas J. McAvoy
5. Approximate Date of filing lawsuit: unknown, don't remember

6. Is the case still pending? No.

7. What was the result of the case? dismissed.

6.    Is the case still pending?  Yes _____  No _____   *August 2011*
      If NO, give the approximate date of disposition _____ ~~August 2012~~

7.    What was the result of the case?  (For example:  Was the case dismissed?  Was there
      judgment in your favor?  Was the case appealed?)  ~~Dismissed Summary~~
      *Judgment was granted to the Defendants*

I declare under penalty of perjury that the foregoing is true and correct.

Signed this **17th** day of *March* , 20*14*.

                              Signature of Plaintiff *Sanders Lamar C.B Adams*

                              Inmate Number    *703226*

                              Institution Address *Kirby Psychiatric Center*
                                                  *600 East 125th Street*
                                                  *New York NY 10035-6095*

Note:    All plaintiffs named in the caption of the complaint must date and sign the complaint and provide
         their inmate numbers and addresses.

I declare under penalty of perjury that on this **17th** day of *March* , 20*14*, I am delivering
this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for
the Southern District of New York.

                              Signature of Plaintiff: *Sanders Lamar C.B. Adams*

*Rev. 01/2010*                         7



SANDERS ADAMS # 703226
KIRBY FORENSIC PSYCHIATRIC CENTER ward 602 East
WARD'S ISLAND
NEW YORK, NEW YORK 10035-6095

The Pro-Se-Clerk of U.S. District Court
Southern District of New York
The Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street - New York NY 10007-1312

Legal mail

neopost™
03/25/2014
US POSTAGE
$00.90⁰

FIRST-CLASS MAIL

ZIP 10035
041L11241567